UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHRISTOPHER RAY KELLY**<br>    **LA. DOC #461607**<br><br>VS.<br><br>**GEO CORP., ET AL** | **CIVIL ACTION NO: 2:10-cv-1295**<br><br>**SECTION P**<br><br>**JUDGE MINALDI**<br><br>**MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Christopher Ray Kelly on August 2, 2010.  Doc. 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana.  Doc. 1, p. 3.  Plaintiff complains that he has received inadequate medical attention while at ACC.  Doc. 1, p.4.  He names the following as defendants herein:  GEO Corp.; ACC Warden Terry Terrell; ACC Medical Director Joseph Johnson; and, ACC physician Dr. T. Hart.  *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff states that since April 20, 2009, he has filed medical requests complaining about pain from a hernia in his lower left abdominal area.  Doc. 1, p. 4.  He was seen by the ACC doctor on April 20, 2009, and June 15, 2009.  *Id*.  He was again seen by defendants Hart and Johnson on June 22, 2009.  *Id.*

On July 24, 2009, defendants Hart and Johnson sent him to the Huey P. Long Hospital (HPL) for an outside opinion and to schedule the hernia surgery. Doc. 1, p. 6. He states that the doctor at HPL told him that he was going to repair plaintiff's hernia. *Id.* Plaintiff claims that from July 24, 2009, to January 12, 2010, the surgery did not take place. *Id.*

On January 13, 2010, plaintiff filed a grievance against defendants Terrell, Hart, and Johnson. *Id.* The grievances were denied. On April 27, 2010, plaintiff submitted another medical request seeking relief for his hernia problem. *Id.* On April 28, 2010, Nurse Shepard denied the request for treatment stating that plaintiff's medical file noted that he did not require hernia surgery. *Id.* Plaintiff was seen by the medical department in May 2010 for his hernia issues. Doc. 1, p. 7. On June 23, 2010, he was sent to the hospital in Pineville, Louisiana. *Id.* There, he was examined by surgeon Christopher Lee, who subsequently performed hernia surgery on plaintiff on July 9, 2010. *Id.*

As relief for the above, plaintiff seeks compensatory and punitive damages for the pain and suffering incurred because of the alleged actions of the defendants. Doc. 1, p. 5.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the

plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II.  42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983.  In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## III.  Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the

Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] *should have perceived*, but did not is insufficient to show deliberate indifference." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

The fact that a plaintiff does not believe that his medical treatment was as good as it

should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321; *see also Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*.

In the instant case, the information contained in plaintiff's complaint shows that plaintiff received medical treatment, including doctors' visits, medication, and surgery. Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. *See Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974).

The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs. The evidence before the court simply does not support a finding of deliberate indifference. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(A)(b)(1).

**IV. Supervisor Liability**

Plaintiff names Warden Terry Terrell and the GEO Corporation as defendants herein. To the extent that he names these defendants in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935 (1990). To be liable under § 1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Here, plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. In any event, plaintiff's claims herein are frivolous as to all defendants. Thus, these claims should be dismissed for failure to state a claim upon which relief may be granted.
Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915(A)(b)(1).[1]

---

[1] The court notes that on two prior occasions, plaintiff had claims dismissed as frivolous and/or for failure to stated a claim upon which relief could be granted. *See Kelly v. Sabella* (United States District Court, Middle District of Louisiana, 3:01-cv-966 (Doc. 13, p.7); and, *Kelly v. Madison Correctional Center, et al.*, (United States District Court, Western District of Louisiana (Monroe Division), 3:00-cv-1294 (Doc. 5). Plaintiff should be aware of 28 U.S.C. § 1915(g) which provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding

**IT IS ALSO RECOMMENDED** that **all motions pending** in this matter, including but not limited to Document No. 5, Plaintiff's Motion for Judge Trial and to Appoint Counsel, be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 17th day of July, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, if this or any other civil action brought by plaintiff is dismissed as stated above, he will no longer be eligible to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. §1915 without a showing of imminent danger.